✎AO 241                                                                                               Page 2
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Southern District of New York |
|---|---|

| Name (under which you were convicted):<br><br>Lonnie Harrell | Docket or Case No.:<br><br>N.Y. Cty. Ind.4258/14 |
|---|---|

| Place of Confinement :<br>Green Haven Correctional Facility | Prisoner No.:<br><br>15A5156 |
|---|---|

| Petitioner (include the name under which you were convicted)<br><br>Lonnie Harrell | v. | Respondent (authorized person having custody of petitioner)<br><br>Mark Miller, Superintentendent of Green Haven Correctional Facility |
|---|---|---|

| The Attorney General of the State of |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    New York County Supreme Court

    (b) Criminal docket or case number (if you know):   4258/14

2.  (a) Date of the judgment of conviction (if you know):   10/7/2015

    (b) Date of sentencing:   10/21/2015

3.  Length of sentence:   25 years in prison and 15 years post-release supervision

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    criminal sexual act in the first degree (two counts), attempted rape in the first degree, sexual abuse in the first degree (two counts) and criminal sexual act in the third degree (two counts),

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty           ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty               ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:      Appellate Division First Department

(b) Docket or case number (if you know):      4258/14

(c) Result:              affirmed

(d) Date of result (if you know):    1/29/2019

(e) Citation to the case (if you know):      168 AD3d 591

(f) Grounds raised:
Mr. Harrell's federal and state due process right to be present was violated at numerous critical stages of the proceeding and the charges were multiplicitous.

(g) Did you seek further review by a higher state court?      ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:      New York Court of Appeals

(2) Docket or case number (if you know):      4258/14

(3) Result:
Leave denied

(4) Date of result (if you know):    4/8/2019

(5) Citation to the case (if you know):     33 NY3d 976

(6) Grounds raised:
Mr. Harrell's due process right to be present was violated at numerous critical stages of the proceedings and the charges were multiplicitous.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☑ Yes   ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     New York County Supreme Court

(2) Docket or case number (if you know):     4258/14

(3) Date of filing (if you know):     7/29/2017

(4) Nature of the proceeding:     Motion to vacate judgment (CPL 440.10)

(5) Grounds raised:
The counts were multiplicitous and violated double jeopardy.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Motion denied

(8) Date of result (if you know):     2/2/2018

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    New York Supreme Court

    (2) Docket or case number (if you know):    4258/14

    (3) Date of filing (if you know):    6/25/2020

    (4) Nature of the proceeding:    Motion to vacate the judgment/sentence  (CPL 440.10/440.20)

    (5) Grounds raised:

Trial and sentencing counsel was ineffective because he:
•  failed to move to suppress inculpatory cell-site data;
• failed to move to preclude Y-STR-DNA evidence and then drastically overstated its probative value in summation;
• failed to object to the prosecutor's prejudicial summation;
• failed to request that the court read back impeachment testimony in response to a read-back request even though that impeachment was an important element of his summation; and
• made no argument on Petitioner's behalf at sentencing and instead disparaged him as "angry."

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes    ☑  No

    (7) Result:    Motion Denied

    (8) Date of result (if you know):    1/29/2021

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes   ❑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ❑ No

(2) Second petition:   ☑ Yes   ❑ No

(3) Third petition:   ❑ Yes   ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

   CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel:

•  failed to move to suppress the inculpatory cell-site data;
• failed to move to preclude the Y-STR-DNA  evidence and then drastically overstated its probative value in summation;
• failed to object to the prosecutor's prejudicial summation;
• failed to request that the court read back impeachment testimony in response to a read-back request even though that impeachment was an important element of his summation; and
• made no argument on Mr. Harrell's behalf at sentencing and instead disparaged him as "angry."

See Petitioner's Memorandum of Law in Support of Petition.

(b) If you did not exhaust your state remedies on Ground One, explain why:

✎AO 241
(Rev. 10/07)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❑ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

This ineffective-assistance claim was, and under state law had to be, raised in a motion to vacate the judgment under CPL 440.10 and CPL 440.20. Accordingly, it could not be, and was not, raised on direct appeal.Instead, this claim was raised in a motion to vacate the judgment/sentence under CPL 440.10/440.20.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ❑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Motion to vacate the judgment under CPL 440.10/440.20

Name and location of the court where the motion or petition was filed:

New York County Supreme Court

Docket or case number (if you know):      4258/14

Date of the court's decision:      1/29/2021

Result (attach a copy of the court's opinion or order, if available):

Motion denied (see decision attached).

(3) Did you receive a hearing on your motion or petition?      ❑ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?      ☒ Yes   ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
New York First Department Appellate Division (motion for a certificate granting permission to appeal under CPL 460.15)

Docket or case number (if you know):      4258/14

Date of the court's decision:      8/5/2021

Result (attach a copy of the court's opinion or order, if available):

Motion for leave to appeal denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

  Mr. Harrell's due process right to be present was violated under Snyder v. Massachusetts, 291 U.S. 97 (1934).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  While the court was formulating a response to the jury's request for a readback of complainant's testimony, Mr.
Harrell was absent from the trial. See Petitioner's Memorandum of Law in Support of Petition.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes    ☐ No

     (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☐ Yes   ☐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?               ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❏  Yes      ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                      ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?                ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes        ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

✎AO 241                                                                              Page 13
(Rev. 10/07)

13.      Please answer these additional questions about the petition you are filing:

(a)      Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?      ☑ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)      Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.      Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?      ☐ Yes      ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.      Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?      ☐ Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:
        Theodore Herlich (2560 Matthews Ave., Suite 1, Bronx, NY 10467).

(d) At sentencing:
        Theodore Herlich (2560 Matthews Ave., Suite 1, Bronx, NY 10467).

(e) On appeal:
        Carolyn Shanahan, Arnold & Porter Kaye, Scholer, 250 West 55th Street, New York, NY 10019
        Matthew Bova, Center for Appellate Litigation, 120 Wall Street, 28th Floor, NY NY 10005

(f) In any post-conviction proceeding:
        Matthew Bova, Center for Appellate Litigation, 120 Wall Street, 28th Floor, NY NY 10005

(g) On appeal from any ruling against you in a post-conviction proceeding:

        Matthew Bova, Center for Appellate Litigation, 120 Wall Street, 28th Floor, NY NY 10005


17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?                ☐ Yes        ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?                ☐ Yes        ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        This petition is timely as it was--accounting for the time tolled during the pendency of the post-conviction
        litigation in state court (June 25, 2020 through August 5, 2021)--filed within one year after July 8, 2019,
        the date Petitioner's time for seeking a petition for a writ of certiorari with the United States Supreme
        Court expired. 28 USC 2244(d)(1)(A), (2).

Tab to continue "TIMELINESS OF PETITION" on next page.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

The petition for a writ of habeas corpus should be granted and this Court should order Petitioner's release from
state custody. At a minimum, this Court should grant a hearing on Petitioner's ineffective-assistance claims,

or any other relief to which petitioner may be entitled.

_Matthew Bova_

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on  _____  (month, date, year).

Executed (signed) on  ___8/9/2021___  (date).

_Lonnie Harrell_

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK: CRIMINAL TERM: PART 59

------------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,                    :

                                                                                              DECISION
                                                                                              AND ORDER

                                                                                  :

                    -against-

                                                                                              Indictment
                                                                                              Number:

LONNIE HARRELL,                                                      :                4258-2014


                                                     Defendant.       :

------------------------------------------------------------------------x

HON. JUAN M. MERCHAN, A.J.S.C.:


         On October 6, 2015, Defendant Lonnie Harreil was found guilty by a jury, after

trial, of two counts of Criminal Sexual Act in the First Degree (Penal Law §130.50 [1]),

two counts of Sexual Abuse in the First Degree (Penal Law §130.65[1]), and two counts

of Criminal Sexual Act in the Third Degree (Penal Law §130.42[2]).  On the following

day, October 7, 2015, he was found guilty by the same jury of one count of Attempted

Rape in the First Degree (Penal Law §130.35 [1]).  On October 21, 2015, Defendant was

sentenced as a second violent felony offender to determinate terms of twenty-five years

of imprisonment each on both counts of Criminal Sexual Act in the First Degree, a

determinate term of fifteen years of imprisonment on the count charging Attempted Rape

in the First Degree, determinate terms of seven years each on both counts of Sexual

Abuse in the First Degree, and determinate terms of four years each on both counts of

I hereby certify that the foregoing
copied is a true copy of the original
thereof, filed in my office

FEB 1 7 2021

1

Criminal Sexual Act in the Third Degree. The sentences to be served concurrently, followed by fifteen years of post-release supervision. Defendant now moves, for a second time, pursuant to Criminal Procedure Law (hereinafter "C.P.L.") §440.10, to vacate his judgment of conviction. He also moves, pursuant to C.P.L. §440.20, to set aside his sentence, on the grounds that he received ineffective assistance of counsel.


**Procedural History**

The convictions stem from allegations that on July 16, 2014, Defendant sexually assaulted his next-door neighbor, who was fifteen years of age at the time. Defendant was arrested on September 10, 2014, and on September 19, 2014, a Grand Jury voted to charge him with the offenses set forth above. A jury trial was commenced before this Court on September 22, 2015. Defendant was convicted and sentenced as set forth above.

Defendant filed a *pro se* motion to vacate his judgement of conviction previously, on or about July 29, 2017, in which he claimed that the counts charged in the indictment were multiplicitous, thus violating his constitutional right against double jeopardy. In a decision dated February 2, 2018, this Court denied the motion, on the grounds that it was procedurally barred because sufficient facts appeared in the trial record to permit adequate appellate review. C.P.L. §440.10(2)(b).

Defendant subsequently perfected an appeal, alleging that this Court had deprived him of his right to be present at trial and that the indictment contained multiplicitous counts. In a decision dated January 29, 2019, the Appellate Division, First Department

(hereinafter "A.D."), affirmed the judgment, holding that Defendant's right to be present at all material stages of the trial had not been violated.  The Court further held that in each of the three pairs of counts, two sex acts were alleged that were separate and distinct, and not multiplicitous.  *People v. Harrell*, 168 A.D.3d 591 (1st Dept. 2019).  The Court of Appeals denied Defendant's application for leave to appeal on April 8, 2019. *People v. Harrell*, 33 N.Y.3d 976 (2019).

The instant motion was filed on June 25, 2020.  The People responded on September 22, 2020, and a reply brief was filed by the defense on October 9, 2020.

### Contentions of the Parties

Defendant now moves to vacate his conviction and set aside his sentence, on the grounds that trial counsel, Theodore Herlich, Esq., was ineffective.  He claims, by way of motion counsel, that Mr. Herlich made a series of errors, which amounted to deficient representation and prejudiced Defendant.  Defendant argues that trial counsel: failed to move to suppress cell-site location information (hereinafter "CSLI") which placed Defendant at the scene of the alleged incident and indicated that he fled afterwards; failed to move to preclude "Y-STR" DNA evidence which purportedly linked Defendant's DNA profile to a profile found on swabs taken from the complainant's body; failed to object to the prosecutor's prejudicial summation which included repeated claims that Defendant had not denied that he engaged in sexual activity with the complainant; failed to request a readback of complainant's impeachment testimony; and failed to argue on behalf of his client at sentencing instead, referring to Defendant as "angry."

FEB 1 7 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed by me in...

The People argue that Defendant's motion should be denied on discretionary procedural grounds because Defendant could have raised the same issues in his first motion to vacate but failed to do so. They further argue that Defendant's motion should be denied without a hearing, based on a lack of merit. Specifically, the People argue that the evidence against Defendant was so overwhelming that trial counsel was limited in the arguments he could make. They maintain that Defendant received effective assistance of counsel, as trial counsel "lodged vehement opposition to the People's position and consistently sought to undermine the People's case." The People also maintain that defense counsel: filed a motion to dismiss alleged multiplicitous counts; moved to preclude the complainant's statements to police and to limit the number of prompt outcry and excited utterance witnesses; persuaded this Court to redact portions of the complainants narrative contained in medical records; elicited from the complainant on cross-examination that she had omitted certain details about the incident; hired and consulted with an expert on DNA and introduced statistics on the purported weakness of Y-STR DNA profiles; effectively cross-examined the DNA criminalist and elicited testimony that all paternal relatives of the Defendant would have the same Y-STR DNA profile and that thousands of individuals could have contributed that DNA to the labial and oral swabs; established that the People failed to obtain the mediation cell records and that the cell site data could not possibly provide the precise distance of the cell tower; cross-examined the doctor who examined the complainant and elicited that he did not observe any scratches on her neck.

4

In sum, the People contend that trial counsel continued to serve as a vigorous advocate even after his client refused to attend court proceedings, and that his overall performance exhibited competent representation.

## Discussion

C.P.L. §440.10 (1)(h) provides that, at any time after the entry of judgment, a defendant may move to vacate a judgment upon the ground that the judgment was obtained in violation of a right of the defendant under the Constitution of New York or of the United States.  A motion filed pursuant to C.P.L. §440.10 is intended to address facts outside of the trial record which are unknown at the time of judgment and which undermine the judgment as a matter of law.  *People v. Cooks*, 67 N.Y.2d 100, 103 (1986); *People v. Williams*, 286 AD2d 620 (1st Dept.), *lv. denied* 97 NY2d 659 (2001).

While a motion to set aside a judgment is a procedural device for challenging a judgment of conviction based upon matters that may not have been developed on the record, CPL §440.30 (4)(d) provides, in pertinent part, that a motion to vacate may be denied without a hearing if "an allegation of fact essential to support the motion (i) ...is made *solely* by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true." (Emphasis added).  The court may deny a motion to vacate, without a hearing, where the moving papers do not contain allegations of fact tending to substantiate the claim being raised.  CPL §440.30(4)(b); *People v. Ozuna*, 7 N.Y.3d 913 (2006).

5

Defendant's motion papers do not contain an affirmation from trial counsel attesting to his representation.  Motion counsel affirms that he made repeated attempts to access trial counsel's file, and that after a single phone conversation, trial counsel refused to sign an affirmation and ignored emails and phone messages.  This Court accepts motion counsel's explanation for his inability to include an affirmation from trial counsel and does not find this lack of evidence to be dispositive.  See *People v. Morales*, 58 NY2d 1008 (1983) and *People v. Scott*, 10 NY2d 380 (1961)]; see also *People v. Stewart*, 295 AD2d 249 (1st Dept.), lv. den., 98 NY2d 540 (2002), *cert.* den.538 U.S. 1003 (2003); *People v. Johnson*, 292 AD2d 284 (1st Dept.), lv. den., 98 NY2d 698 (2002);  *People v. Chen,* 293 AD2d 362 (1st Dept.), app. den., 98 NY2d 696 (2002)*; cf. People v. Bennett*, 139 AD3d 1350 (4th Dept. 2016) (rejected the People's contention that the trial court properly denied the motion because defendant failed to submit an affidavit from his former attorney corroborating his claim, and remanding the case for a hearing based on defendant's sworn allegations).

However, CPL §440.10 (3) provides, in pertinent part, that a court *may* deny a motion to vacate a judgment when: (c) upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so. (Emphasis added).  The essential purpose of this procedural bar is to ensure, among other things, that courts are not unnecessarily burdened with multiple motions.  See, *People v. Cuadrado*, 9 NY3d 362 (2007); *People v. Cooks*, 67 NY2d 100 (1986); *People v. Brown*, 24 AD3d 271 (1st Dept 2005), *lv. denied* 6 NY3d 846 (2006); *People v. Rodriguez*, 4 Misc.3d 1003(A) (N.Y. Co. Sup. Ct.

FEB 1 7 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

2004). The defense relies upon *People v. Allesandro*, 13 N.Y.3d 216 (2009), to support

his argument that it would be unjust to "trap a *pro se* defendant in this procedural bar."

      In *Allesandro, supra*, defendant petitioned the A.D., First Department, in a second

*writ of error coram nobis*, on the grounds that his appellate counsel had been ineffective

for failing to raise a speedy trial argument on appeal. The A.D. treated the application as

a motion to reargue the denial of his first *coram nobis* application (brought *pro se* and

decided nine years previously), and summarily denied the reargument ruling. On appeal,

the Court of Appeals held that because defendant's application for a *writ of error coram*

*nobis* raised new arguments not raised in his previous application, the A.D. had erred in

characterizing the second application as a motion to reargue. The claim, which contained

new questions which were not previously advanced could not have been "overlooked or

misapprehended," as is the standard for reargument under Civil Practice Laws and Rules

§2221 (d)(2). An examination of a second *coram nobis* application which is sufficiently

meritorious is an appropriate use of the Court's discretion, and "...it would have been an

abuse of such discretion to refuse to entertain the second [*writ*] in this case, which was

brought by counsel nine years after the first application and raised different and much

more substantial arguments than those previously raised." See *Allesandro* at 220. See

also *Keating v. New York*, 708 F. Supp.2d 292 (E.D. New York 2010). Consequently, the

Court of Appeals remitted the case back to the A.D. to consider the merits of the novel

arguments contained in the *writ*.

      Here, motion counsel argues that Defendant "...was not in a position adequately to

raise the ineffective assistance issue[s] presented here, because it is inconceivable that a

lay defendant could identify, research, and develop this constitutional claim, especially

when in prison...Similarly, unlike counsel who had resources to investigate this claim, Mr. Harrell could not meaningfully interview his former lawyer from prison (whom even appellate counsel had trouble getting in contact with); efficiently request medical records; or obtain court documents (as counsel was later able to do). To claim that Mr. Harrell, an incarcerated *pro se* defendant, was in position to adequately raise this claim is to blink reality."

While the Court of Appeals has consistently recognized that Article 440 was enacted, *inter alia*, to codify the relief formerly available under the common law *writ of error coram nobis,* Article 440 and its statutory restrictions on successive motions is nonetheless applicable here. The *Allesandro* Court "...cautioned against summary denial of a *coram nobis* petition simply because it is successive." *Keating, supra* at 300. There is no such caution contained in Article 440.

Moreover, this Court knows of no authority which supplants its discretion in the case of a *pro se* motion to vacate. In reviewing Defendant's initial *pro se* motion, this Court gave the motion and the Defendant's arguments the most liberal reading possible. Further, nothing in the instant motion presents a new claim that Defendant could not have raised in his first motion. Thus, *Allessandro* is not applicable here. This Court is not obligated to consider the issue, as the procedural bar found in CPL §440.10 (3)(c) makes that determination a matter for the Court's discretion. Defendant's previous *pro se* 440 motion to vacate should have raised trial counsel's alleged ineffectiveness, but failed to do so.

In the alternative, even if the procedural bar applies, a court may, in "the interest of justice and for good cause shown," exercise "its discretion [to] grant the motion if it is

otherwise meritorious." *Strickland*, 466 U.S. at 693-94.  In the interests of finality, this Court will consider the merits of Defendant's ineffective assistance claim, which was this time filed with the assistance of counsel.

A judgment of conviction is presumed valid, and a defendant moving to vacate his conviction bears the "burden of coming forward with allegations sufficient to create an issue of fact." *People v. Session*, 34 N.Y.2d 254, 255-256 (1974); *People v. Braun*, 167 A.D.2d 164, 165 (1st Dept. 1990).  Certainly, one of the rights contemplated by the legislature in enacting C.P.L. §440.10 is the right to the effective assistance of counsel. This right is guaranteed by the United States Constitution, 6th Amendment, and by the New York Constitution, Article 1.  Under the federal standard, the question whether a defendant has received effective assistance of counsel is evaluated by the principals set forth in *Strickland v. Washington*, 466 US 668 (1984), in which the United States Supreme Court adopted a two-part test for evaluating such claims.  In order to prove ineffective assistance of counsel under the federal standard, a defendant must show that counsel's performance "fell below an objective standard of reasonableness," and that defendant was prejudiced, in that "there is no reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, v. Washington*, 466 U.S. 668, 694 (1984); *People v. Ford*, 86 N.Y.2d 397, 405 (1995) (rev'd on other grounds).

As for the state requirement, New York adopted a standard of "meaningful representation," as articulated in *People v. Baldi*, 54 NY2d 137 (1981) and its progeny. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided

meaningful representation, the constitutional requirement will have been met." *Baldi,*

*supra* at 147. See also, *People v. Caban*, 5 N.Y.3d 143 (2005); *People v. Stultz*, 2 N.Y.3d

277 (2004); *People v. Henry*, 95 N.Y.2d 563, 565 (2000). New York's standard offers

greater protection to a defendant than the federal test, as even in the absence of a

reasonable probability of a different outcome, inadequacy of counsel will still warrant

reversal whenever a defendant is deprived of a fair trial. *Caban, supra* at 284. Under our

State Constitution, a claim of ineffectiveness is most concerned with the fairness of the

overall process. *People v. Benveneto*, 91 N.Y.2d 708 (1998). "Unlike the federal

ineffective assistance of counsel standard, which requires a showing that but for

counsel's inadequacy, the outcome of the trial would have been different, New York

Courts do not conduct a strict prejudice inquiry." See *People v. Ennis*, 11 N.Y.3d 403,

412 (2008), *cert. denied* 556 U.S. 1240 (2009), *quoting People v. Benevento, supra.*

Nevertheless, the Court of Appeals "...remain[s] skeptical of ineffective assistance of

counsel claims where the defendant is unable to demonstrate any prejudice at all. See

*People v. Stutz, supra* at 283-284.

   In order to prevail on this motion, on these grounds, Defendant must demonstrate

the absence of strategic or other legitimate explanations for counsel's alleged deficiency.

*People v. Satterfield*, 66 N.Y.2d 796, 799-800 (1985). This Court, in turn, must be

careful not to "second-guess" counsel, or to assess counsel's performance with the

"clarity of hindsight," effectively substituting its own judgment as to the best approach to

the case. *Benevento, supra* at 712.

   Defendant first argues that counsel failed to move to suppress certain cell-site

location information which placed Defendant at the scene of the incident and indicated

that he fled after the commission of the crime.  At trial, the People introduced into

evidence CSLI which indicated that Defendant's mobile phone was near the scene of the

crimes at the time they were committed, and that Defendant's mobile phone moved away

from that location several minutes after the incident occurred.  Defendant argues that trial

counsel failed to move to suppress this evidence[1].

The CSLI was obtained by the People pursuant to a court-issued subpoena under

the Stored Communications Act (SCA) 18 U.S.C. § 2703(d).  Traditionally, in New York

and other jurisdictions, CSLI evidence was routinely obtained in this manner, and not

pursuant to a search warrant.  However, in 2018, the United States Supreme Court held

that probable cause must underlie a search warrant to obtain cell-site location data.

*Carpenter v. United States*, 138 S.Ct. 2206 (2018).  In *Carpenter*, law enforcement

obtained location-related data about the defendant's cell phone pursuant to a court order

issued under the SCA.  The order required the government to show "reasonable grounds

for believing that the records were relevant and material to an ongoing investigation."

The *Carpenter* Court held that the Government's acquisition of historical cell site records

which revealed the aggregated location information of a defendant constitutes a search

under the Fourth Amendment.  The Supreme Court noted that "cell phone location

information...is detailed, encyclopedic, and effortlessly compiled...An "individual

---

[1]Motion counsel affirms that he found copies of an affirmation in support of a cell site
location data subpoena and a signed subpoena.  Motion counsel further affirms that a
letter from the trial prosecutor indicates that trial counsel received the CSLI documents
six months before trial, and that the documents were not part of the record on appeal.
Motion counsel also affirms that he had a telephone conversation with trial counsel on
April 23, 2020, during which trial counsel stated that he did not move to suppress the cell
site data because he thought the law in the First Department precluded the claim at that
time.  The First Department did not preclude such motions, but trial counsel is correct in
that the motion would likely not have been successful, for the reasons given below.

11

maintains a legitimate expectation of privacy in records of his physical movements as captured through CSLI." *Carpenter*, *supra* at 2216. The Court held that a warrant supported by probable cause must generally be obtained before acquiring such records, and that the allegations filed under the SCA fell "well short of the probable cause required for a warrant." *Carpenter*, *supra* at 2221.

The crime herein occurred in 2014 and the trial took place in 2015. Had trial counsel moved to suppress the CSLI in 2014 or 2015, there is little or no chance the motion would have been successful. New York Courts, pre-*Carpenter*, did not require a warrant to obtain CSLI. There were no Fourth Amendment implications because a defendant traveling in public had no expectation of privacy, nor did a defendant have any such reasonable expectation of privacy in information voluntarily disclosed to third parties. See *People v. Jiles*, 158 A.D.3d 75 (4th Dept. 2017), *leave den*. 31 N.Y.3d 1149 (2018); *People v. Sorrentino*, 93 A.D.3d 450 (1st Dept. 2012), *leave den*. 19 N.Y.3d 977 (2012); *People v. Hall*, 86 A.D.3d 450 (1st Dept. 2011), *leave den*. 19 N.Y.3d 961 (2012). Moreover, the language in *Carpenter* makes clear that its holding in not retroactive. Specifically, the Supreme Court noted that failure to object in 2011 to the prosecution's use of CSLI that was obtained without a warrant, *at a time when none was required*, did not render counsel's assistance ineffective. (Emphasis added). This Court finds that the same was true in 2014 and 2015. Thus, trial counsel's failure to so move does not constitute ineffective assistance of counsel. Furthermore, at trial, Mr. Herlich exhibited meaningful representation during his cross-examination of a technician when he established that the People had failed to obtain mediation cell records (the product of

I hereby cert... FEB 1 7 2021

12

more recent technology) and that the cell site data could not provide the precise distance of the cell tower, thus presumably, casting doubt on the reliability of the CSLI.

Defendant also argues that counsel failed to move to preclude "Y-STR" DNA evidence which purportedly linked Defendant's DNA to a profile found on swabs of the complainant's body.  However, according to the record, trial counsel hired and consulted with a DNA expert and introduced statistical evidence at the trial purportedly demonstrating the deficiencies of Y-STR DNA profiles.  Motion counsel affirms that trial counsel told motion counsel that he did not move to preclude the Y-STR DNA evidence on the grounds that it was more prejudicial than probative because the expert he hired did not advise him to file such a motion.  Trial counsel effectively cross-examined the DNA criminalist and elicited that all paternal relatives of the Defendant would have the same Y-STR DNA profile and that thousands of males could have contributed the DNA contained on the labial and oral swabs.

Defendant further argues that trial counsel failed to request a readback of complainant's impeachment testimony when the jury requested readback of her direct testimony.  However, according to the record, Mr. Herlich asked that the readback be limited so as to exclude the most damaging portion of the complainant's testimony.  That request was denied.  However, this Court agreed to the strategic page numbers and lines that counsel believed were responsive to the jury's note.

Defendant also argues that trial counsel failed to object to the prosecutor's allegedly prejudicial summation which included repeated claims that Defendant did not deny that he had engaged in sexual activity with the complainant.  However, trial counsel's decision not to object to these remarks did not amount to ineffective assistance.

13

See *People v. King*, 27 N.Y.3d 147 (2016). Trial counsel's decisions regarding objections are strategic in nature and, in this instance, did not rise to the level of ineffective assistance. See *People v. Wright*, 25 N.Y.3d 769 (2015).

Finally, Defendant argues that trial counsel failed to argue on his behalf at the sentencing hearing and instead referred to Defendant as "angry." That claim is a distortion of the record. According to the record, Mr. Herlich spoke to his client in the pens behind the courtroom before the sentencing hearing commenced. He then reported back to the Court that Defendant was upset, and that when counsel asked his client if he wanted to be present for sentencing, Defendant "...was angry, he stood up in the small interview booth that [they] were in together and walked out." That is the only context in which Mr. Herlich characterized his client as "angry" before this Court.

Admittedly, Mr. Herlich's advocacy at sentence was brief. However, he requested that his client receive an indeterminate minimum sentence of ten to fifteen years of imprisonment, followed by five years of post-release supervision. This Court, having presided over the trial, stated that "If ever a case cried out for the maximum sentence this is it. Not only because of the conduct that he demonstrated and was proven beyond a reasonable doubt to a jury of 12 people who unanimously found him guilty, but also by the conduct that he exhibited here in this courtroom as well as his criminal history." After adjudicating Defendant a violent felony offender on the basis of a prior robbery conviction, this Court sentenced Defendant to concurrent maximum terms on each count for a total of 25 years incarceration, with fifteen years of post-release supervision.

In sum, there is nothing to demonstrate that the decisions trial counsel made were anything less than sound and strategic. Since the commencement of the case, trial counsel's representation was meaningful. In addition to the matters addressed above, trial counsel also moved to dismiss multiplicituous counts in the indictment; moved to preclude all of the complainant's statements to police and to limit the number of prompt outcry and excited utterance witnesses; persuaded this Court to redact portions of the complainants narrative contained in the medical records; elicited from the complainant on cross-examination that she had omitted certain details about the incident; and during cross-examination of the doctor who examined the complainant, elicited that the doctor did not observe any scratches on the complainant's neck.

All other grounds raised herein are conclusory, unsubstantiated, and lack a legal basis for granting the motion. Defendant's list of errors that he claims occurred at trial do not contain allegations of fact tending to substantiate the claims raised. Consequently, this Court denies the motion to vacate on those grounds, without a hearing, CPL §440.30(4)(b); *People v. Ozuna, supra.* For the reasons set forth above, Defendant has failed to establish that trial counsel was deficient or did not provide meaningful representation. The federal and state standards have been met. Accordingly, the motion to vacate the conviction on the grounds of ineffective assistance of counsel is denied on both procedural and substantive grounds.

As for the motion to set aside his sentence, C.P.L. §440.20 provides, in pertinent part, that at any time after the entry of a judgment, the court may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. A defendant's motion to set aside a

15

sentence must allege a legal basis and essential facts which support or tend to support the claim, whether from the personal knowledge of the defendant or another person, or upon information and belief, in which case the affiant must state the source of the information and the grounds for such belief.  CPL §440.30(1)(a).

A court may deny a motion to set aside a sentence, without a hearing, where the moving papers do not contain allegations of fact tending to substantiate the claim being raised.  *See* C.P.L. §440.30(4)(b); *People v. Ozuna*, 7 N.Y.3d 913 (2006).  "The party challenging the validity of the sentence bears the burden of coming forward with supporting allegations sufficient to create an issue of fact."  *People v. Session*, *supra* at 255-56 (1974).  Defendant has not demonstrated that his sentence was unauthorized, illegally imposed or otherwise invalid as a matter of law. Thus, the motion to set aside his sentence is also denied.

## Conclusion

Based on the foregoing, the defendant's motion to vacate the conviction and set aside the sentence is denied in its entirety.

This opinion constitutes the Decision and Order of the Court.

Dated: January 29, 2021
New York, New York

Juan M. Merchan
Judge of the Court of Claims

Acting Justice – Supreme Court

PART 59   JAN 2 9 2021

HON. JUAN M. MERCHAN

16

# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

BEFORE:    Hon. Jeffrey K. Oing
             Justice of the Appellate Division

---

| The People of the State of New York, | Motion No. | 2021-01095 |
|---|---|---|
| Respondent, | Ind. No. | 4258/14 |
| | Case No. | 2021-01014 |
| -against- | | |
| | **CERTIFICATE** | |
| Lonnie Harrell, | **DENYING** | |
| Defendant. | **LEAVE** | |

---

I, Jeffrey K. Oing, a Justice of the Appellate Division, First Judicial Department, do hereby certify that, upon application timely made by the above-named defendant for a certificate pursuant to Criminal Procedure Law, sections 450.15 and 460.15, and upon the record and proceedings herein, there is no question of law or fact presented which ought to be reviewed by the Appellate Division, First Judicial Department, and permission to appeal from the order of the Supreme Court, New York County, entered on or about January 29, 2021 is hereby denied.


Dated: July 30, 2021
      New York, New York

                                    Hon. Jeffrey K. Oing
                                    Associate Justice

Entered: August 5, 2021